UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

**JOHN SABAL,**

                **Plaintiff,**

    - against -

**ANTI-DEFAMATION LEAGUE,**

                **Defendant.**

No. 4:23-cv-01002-O

---

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case.

(1) A brief statement of the claims and defenses;

Plaintiff:  Plaintiff John Sabal through his business, The Patriot Voice, organizes conservative events that showcase timely issues and pertinent speakers of all colors and faiths. Several statements published by Defendant Anti-Defamation League ("ADL") falsely accuse Mr. Sabal of being antisemitic and an extremist.  Mr. Sabal is not antisemitic and is not an extremist. Plaintiff asserts claims for defamation and injurious falsehood and seeks compensatory and punitive damages totaling $25 million.

Defendant:  ADL is the world's oldest organization that combats antisemitism.  All the statements challenged by Sabal, and implications allegedly arising from the statements, are nonactionable opinions and/or are not reasonably capable of the alleged defamatory implications. The Congressional testimony challenged is also absolutely privileged.  In the event any of those statements are statements of fact, they are substantially true.  Mr. Sabal is also a limited purpose

public figure, and the statements at issue were not published with actual malice, nor negligence. Mr. Sabal also cannot establish that he was damaged by the allegedly defamatory and injurious statements.

(2) A proposed time limit to file motions for leave to join other parties;

June 3, 2024

(3) A proposed time limit to amend the pleadings;

Motions for leave to amend may be filed through June 3, 2024.

(4) Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);

October 18, 2024 – Summary Judgment Motions

February 14, 2025 – Motions in Limine.

(5) A proposed time limit for initial designation of experts;

July 24, 2024.

(6) A proposed time limit for responsive designation of experts;

September 3, 2024.

(7) A proposed time limit for objections to experts (i.e., Daubert and similar motions);

February 14, 2025.

(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;

While the motion to dismiss is pending, in an effort to find common ground regarding a

schedule the parties agree that some initial phases of discovery may proceed. While the motion to dismiss is pending, the parties intend to (1) serve initial disclosures; (2) serve initial requests for production of documents and any interrogatories; and (3) serve responses and objections to the same. By engaging in these initial elements of discovery the parties will be in a position to move quickly into full fact discovery should the motion to dismiss be denied, while conserving resources should the motion be granted. Should the outcome of the motion narrow the scope of discovery, each party would also reserve the right to amend their responses and objections accordingly.

Should full discovery commence, it would focus on topics including the researching and publication of statements by ADL at issue; the Plaintiff's conduct and communications relating to the subject-matter of those challenged statements; and any damages the Plaintiff claims were caused by those challenged statements. According, the parties propose the following schedule:

February 5, 2024 – The parties will exchange initial disclosures.

February 19, 2024 – The parties will serve any initial requests for production of documents, interrogatories, and/or requests for admission.

March 20, 2024 – The parties will serve their responses and objections to those initial requests.

April 19, 2024 – If the motion to dismiss has been denied in whole or in part, the parties must produce any responsive documents that are not at that point the subject of any discovery disputes.

May 1, 2024 – Deposition discovery may commence. However, nothing precludes either party from serving subpoenas *duces tecum* on any nonparty prior to this date.

July 15, 2024 – Last day to serve all request for production of document or interrogatories.

September 30, 2024 - All depositions, both fact and expert, and must be completed.

(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

The parties do not propose any changes to the Federal or Local Rules.

(10) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

The parties at present anticipate they will be able to mutually agree upon any protocols for disclosure of ESI and are not presently aware of any disputes. Should any disputes arise that the parties are unable to resolve they will follow the Court's procedures for addressing discovery disputes.

(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;

The parties anticipate that they will seek the entry of a mutually-agreed protective order and will submit a proposed protective to the Court after meeting and conferring.

(12) A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.

April 3, 2025. The parties estimate 7 days for trial. Plaintiff has demanded a jury.

(13) A proposed date for further settlement negotiations;

At the present time, the parties do not believe that settlement negotiations would be productive.

(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

The parties agree to make initial disclosures by February 5, 2024.

(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent, please submit the attached consent form);

The parties do not consent to trial before U.S. Magistrate Judges Cureton or Ray.

(16) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

At the present time, the parties do not believe that mediation to resolve this litigation would be productive.  As the case progresses, the parties will continue to mutually confer to discuss this issue.

(17) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

None at this time.

(18) Whether a conference with the Court is desired; and

The parties do not request a scheduling conference, but are of course available should the Court wish to schedule one and/or to hear argument on the pending motion to dismiss.

(19) Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).

None at this time, other than a proposed Protective Order to be submitted by the parties prior to the exchange of any documents as discussed herein.

Dated: December 18, 2023

*/s/ Jason Caldwell Greaves*

Jason Caldwell Greaves
Binnall Law Group
717 King Street
Suite 200
Alexandria, VA 22314
(703) 888-1943
Fax: (703) 888-1930
jason@binnall.com

Jared Joseph Roberts (admitted *pro hac vice*)
717 King Street
Suite 200
Alexandria, VA 22314
(585) 297-0202
jared@binnall.com

Paul MacNeal Davis
Paul M. Davis & Associates PC
9355 John W Elliott Dr
Suite 25454
Frisco, TX 75033
(945) 348-7884
paul@fireduptxlawyer.com

*Attorneys for John Sabal*

Respectfully submitted,

*/s/ Robert P. Latham*
Robert P. Latham State Bar No. 11975500
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile
blatham@jw.com

Trevor Paul State Bar No. 24133388
**JACKSON WALKER LLP**
777 Main St., Suite 2100
Fort Worth, Texas 76102
(817) 334-7200 – Telephone
(214) 953-5822 – Facsimile
tpaul@jw.com

Nathan Siegel (admitted *pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1301 K Street
Suite 500 East
Washington, DC 20005
Phone: (202) 973-4237
Fax:    (202) 973-4499
nathansiegel@dwt.com

Jesse Feitel (admitted *pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone: (212) 489-8230
Fax:    (212) 489-8340
jessefeitel@dwt.com

*Attorneys for Defendant Anti-Defamation League*

4869-5374-9399v.1 0116649-000006

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served on all counsel of record, via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on this 18th day of December, 2023.

/s/ Robert P. Latham
Robert P. Latham
