IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

JOHN SABAL,

    *Plaintiff,*

v.

ANTI-DEFAMATION LEAGUE,

    *Defendant.*

Case No. 4:23-cv-01002

## **ANSWER**

Defendant Anti-Defamation League ("ADL"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff John Sabal's ("Plaintiff") Complaint (the "Complaint") using the same headings and paragraph numbers employed by Plaintiff. ADL states as follows:

1. ADL denies each and every allegation contained in Paragraph 1 of the Complaint.

2. ADL admits the allegations in Paragraph 2 of the Complaint.

3. ADL admits the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 contains legal conclusions that require no response. To the extent a response is required, ADL admits that Plaintiff purports to seek in excess of $75,000 in damages, which meets the amount-in-controversy requirement of 28 U.S.C. § 1332.

5. ADL admits Mr. Sabal started The Patriot Voice and that TPV has organized conservative events that showcase dynamic speakers with messages relevant to current political and other matters. ADL admits that Mr. Sabal is a veteran. ADL lacks sufficient information to admit or deny that Mr. Sabal is disabled, honorably discharged, and has never been accused of a crime. ADL denies the remaining allegations of Paragraph 5 of the Complaint.

6. ADL denies that Mr. Sabal supports the people of Israel. ADL admits that Mr. Sabal attends a Christian church and admits the allegations of Paragraph 6 to the extent the Church would consider them to be consistent with its Statement of Faith (https://newbeginnings.org/about/#statement) and denies them to the extent it would not.

7. ADL denies the allegations contained in Paragraph 7 of the Complaint.

8. ADL admits that the referenced publication is published on its website and contains the words quoted in paragraph 8 of the Complaint, among many others. ADL denies the remaining allegations of Paragraph 8.

9. ADL denies each and every allegation contained in Paragraph 9 of the Complaint.

10. ADL admits that it published Glossary of Extremism: John Sabal, https://extremismterms.adl.org/glossary/john-sabal (last visited Sept. 7, 2023) and that the Glossary also includes entries for the other persons and group identified in paragraph 10, among many others. ADL denies the remaining allegations in Paragraph 10.

11. ADL denies each and every allegation in Paragraph 11 of the Complaint.

12. ADL denies each and every allegation contained in Paragraph 12 of the Complaint.

13. ADL states that no response is required to Paragraph 13 because Plaintiff's claim based on this paragraph has been dismissed. To the extent a response is required, ADL admits that Scott Richman testified before the House Committee on Homeland Security on October 3, 2022. https://www.congress.gov/117/meeting/house/115162/witnesses/HHRG-117-HM00-Wstate-RichmanS-20221003.pdf and that Mr. Richman's written testimony included the words quoted in Paragraph 13, among many others. All remaining allegations in Paragraph 13 are denied.

14. ADL denies each and every allegation contained in Paragraph 14 of the Complaint.

15. ADL denies each and every allegation contained in Paragraph 15 of the Complaint.

16. ADL admits that Mr. Sabal's attorney sent ADL a letter on April 1, 2023. ADL denies the remaining allegations of paragraph 16 of the Complaint.

17. ADL admits that it published a 23-page "Report" entitled, "Hate in the Lone Star State: Extremism & Antisemitism in Texas" (the "Report"); that the Report includes information and statistics on the topics identified in the second sentence of Paragraph 17, among many others; and that the name "John Sabal" has a hyperlink to the Glossary of Extremism entry for Sabal. All remaining allegations in Paragraph 13 are denied.

18. ADL admits that the Report includes policy recommendations. ADL denies the remaining allegations in Paragraph 18.

19. ADL denies each and every allegation in Paragraph 19 of the Complaint.

20. ADL denies each and every allegation in Paragraph 20 of the Complaint.

21. ADL denies each and every allegation in Paragraph 21 of the Complaint.

22. ADL admits that it sometimes communicates with law enforcement agencies, and denies the remaining allegations in Paragraph 22 of the Complaint.

## COUNT I – DEFAMATION

23. ADL restates and incorporates paragraphs 1-22 as if set forth fully herein.

24. AL denies each and every allegation contained in Paragraph 24 of the Complaint.

25. ADL denies each and every allegation contained in Paragraph 25 of the Complaint.

26. ADL states that no response is required to Paragraph 26 because this claim has been dismissed. To the extent a response is required, ADL denies each and every allegation contained in Paragraph 26 of the Complaint.

27. ADL denies each and every allegation contained in Paragraph 27 of the Complaint.

28. ADL denies each and every allegation contained in Paragraph 28 of the Complaint.

29. ADL denies each and every allegation contained in Paragraph 29 of the Complaint.

30. ADL denies each and every allegation contained in Paragraph 30 of the Complaint.

31. ADL denies each and every allegation contained in Paragraph 31 of the Complaint.

32. ADL denies each and every allegation contained in Paragraph 32 of the Complaint.

33. ADL denies each and every allegation contained in Paragraph 33 of the Complaint.

34. ADL denies each and every allegation of Paragraph 34 of the Complaint.

## COUNT II – INJURIOUS FALSEHOOD

35. ADL restates and incorporates paragraphs 1-34 as if set forth fully herein.

36. ADL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and for this reason, denies all allegations contained therein.

37. ADL denies each and every allegation contained in Paragraph 37 of the Complaint.

38. ADL denies each and every allegation contained in Paragraph 38 of the Complaint.

39. ADL denies each and every allegation contained in Paragraph 39 of the Complaint.

40. ADL denies each and every allegation contained in Paragraph 40 of the Complaint.

## PRAYER FOR RELIEF

ADL denies that Plaintiff has suffered any damages or is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Further responding to the Complaint, ADL asserts the following affirmative defenses. By alleging these as affirmative defenses, ADL does not in any way concede that it bears the burden of proof or persuasion on any of these issues, which is established as a matter of law. ADL reserves the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtained during the course of this litigation.

**FIRST DEFENSE**

Plaintiff's causes of action are barred because the statements about which Plaintiff complains are substantially true. Sabal for years posted under the moniker "QAnon John" and was a prominent influence in the QAnon movement. Sabal has repeatedly circulated virulently antisemitic content, both personally and through his authorized administrators on The Patriot Voice's Telegram Channel, including but not limited to (1) a posting and video in which a "rabbi" purports to describe how Jews drain the blood of non-Jewish children, use their blood for ritual purposes, and sell their flesh to slaughterhouses to make hamburger meat to feed to the "Goyim" for a few "shekels,"; 2) a late member of the Rothschild family is depicted as a character with a long hook nose who hunts a young boy to use his blood for medicinal purposes; (3) multiple postings which assert that Ashkenazi Jews are not real Jews, but rather descendants of converted Khazars who secretly control the world's finances, media, and governments and fund both sides of wars; and (4) multiple postings praising Kanye West, including one which features a video in which West claims people "get their checks cut by Jewish media".

In addition to disseminating these antisemitic tropes, which are themselves hateful and extremist, Plaintiff, both personally and through material presented at his conferences has stated many other extremist, hateful views, including some that advocate criminal, extra-judicial violence. Those include, but are not limited to, that the world is run by a satanic cabal of pedophiles who sacrifice children and use their blood; that tens or hundreds of thousands of members of the alleged cabal should be arrested by the military, tried by military tribunals and if need be executed; and that the U.S. military should mutiny and rebel to overthrow President Biden, and/or persons serving in the military should go AWOL.

**SECOND DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, because the statements about which Plaintiff complains constitute statements of opinion. The statements at issue are statements of opinion for the reasons set forth in ADL's motion to dismiss. In addition, given the facts that include but are not limited to the facts set forth in ADL's Second Defense, whether the content Sabal disseminated is antisemitic, espouses the blood libel trope and is extremist is not capable of being proved true or false.

### THIRD DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Plaintiff cannot sustain his burden of proving that the statements at issue were made with the requisite degree of fault required to support the alleged causes of action. Plaintiff is a limited-purpose public figure and the applicable burden is actual malice. Many of the facts supporting Plaintiff's public-figure status are included in ADL's Motion to Dismiss and the exhibits thereto. They also include, but are not limited to, that Plaintiff was one of the progenitors of people who shared and analyzed Q Drops; he has had hundreds of thousands of followers on social media and his posts have received millions of views; he has given interviews about QAnon to national media like CBS News and Business Insider; his comments on public issues have been regularly followed and reported on by national media, including with respect to antisemitism; and the conferences he organized were livestreamed to the public and went "extremely viral", had a "far reaching" impact, and were the subject of enormous media attention. Alternatively, Plaintiff cannot sustain his burden of proving negligence.

### FOURTH DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because he did not comply with the Texas Defamation Mitigation Act ("TDMA") prior to filing this suit. Plaintiff never served any demand for a retraction concerning the "Hate in the Lone State" report. Plaintiff did not serve

a timely demand with respect to the Glossary of Extremism. Plaintiff's entry in the Glossary was published in or around January 2022, and his retraction demand was served on or about April 1, 2023. Plaintiff did not serve a sufficient request because his letter did not state the time and place of publication of the alleged statements, nor did it allege the defamatory meanings of the statements in the Glossary and the Report that is pled in the Complaint. Alternatively, Plaintiff's claims for punitive damages are barred by failure to comply with the TDMA for the reasons set forth in this defense.

### FIFTH DEFENSE

Plaintiff's cause of action with respect to his entry in the Glossary of Extremism, and his claim for injurious falsehood, are barred by Texas's one-year statute of limitations for defamation. This suit was filed on October 3, 2023. The Glossary entry was published in or about January 2022. The alleged termination of his and/or The Patriot Voice's relationship with PayPal occurred in October 2021 and Plaintiff alleges the same damages for both his causes of action.

### SIXTH DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Plaintiff cannot satisfy his burden to prove any actual damage proximately caused by the publications at issue, including special damages. For example, all alleged damages to The Patriot Voice's event business were allegedly caused by TYSY canceling its relationship with TPV.

### SEVENTH DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by his failure to mitigate and/or prevent the damages about which he complains, and any recovery should be reduced in direct proportion to such failure.

## EIGHTH DEFENSE

Plaintiff's causes of action are barred by the doctrine of incremental harm. Any allegedly false and defamatory statements concerning Plaintiff caused no more harm than truthful statements about him.

Dated: May 20, 2024

Respectfully submitted,

*/s/ Robert P. Latham*
Robert P. Latham, TBN 11975500
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (fax)
blatham@jw.com

Nathan Siegel (*pro hac vice*)
Davis Wright Tremaine LLP
1301 K Street, Suite 500 East
Washington, D.C. 20005
(202) 973-4237
(202) 973-4499 (fax)
nathansiegel@dwt.com


Jesse Feitel (*pro hac vice*)
Katherine Bolger (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
 New York, NY 10020-1104
(212) 489-8230
(212) 489-8340 (fax)
jessefeitel@dwt.com
katebolger@dwt.com

*Attorneys for Defendant*
*Anti-Defamation League*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above document has been served on all counsel of record, via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on this 20th day of May 2024.

                /s/ Robert Latham
                Robert P. Latham