UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

------------------------------------------------------------------x
JOHN SABAL,                                  :
                                             :
                        Plaintiff,       :   No. 4:23-cv-01002-O
                                             :
          - against -                        :
                                             :
ANTI-DEFAMATION LEAGUE,                      :
                                             :
                        Defendant.       :
                                             :
                                             :
                                             :
                                             :
------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND DECEMBER 13, 2024 ORDER FOR CERTIFICATION UNDER RULE 1292(B) AND FOR A STAY PENDING THE RESOLUTION OF ANY APPEAL**

      Comes now Defendant Anti-Defamation League ("ADL") and submits this Memorandum of Law in support of its Motion for Rule 1292(b) Certification of the Court's December 13, 2024 Order (ECF No. 63), denying in part Defendant's motion for summary judgment (the "Order"), and for a stay pending the resolution of any appeal.

      Defendant respectfully requests that the Court certify its Order so that the Court of Appeals may resolve several controlling questions of law regarding the First Amendment and defamation under Texas law.  The Order implicates at least four important questions:  (1) the legal standard for assessing a plaintiff's public figure status; (2) what is an implied defamatory meaning; (3) what is non-actionable opinion; and (4) whether a hyperlink may constitute a republication for purposes of restarting the statute of limitations.  Moreover, there are substantial grounds for differences of opinion given other courts' rulings, including Texas federal and state courts.  Resolution of these questions on appeal would materially advance the ultimate resolution of this litigation because

reversal on one or more of these issues would dispose of the entire case and eliminate the need for trial, therefore promoting efficiency and the conservation of judicial resources.

## RELEVANT BACKGROUND

The Court's December 13 Order partially granted and partially denied ADL's motion for summary judgment. The Court granted summary judgment as to Sabal's defamation claim regarding ADL's QAnon Backgrounder and as to Sabal's injurious falsehood claim. Order at 11-12, 17-18. The Court denied summary judgment as to Sabal's defamation claims regarding the Glossary of Extremism and the Lone Star Report. *Id.* at 12-17. In so ruling, the Court found that Sabal was not a limited-purpose public figure ("public figure") because there was no applicable public controversy. Thus, the Court determined that the actual malice standard did not apply and there was a genuine dispute of fact about whether ADL was negligent. The Court further ruled that ADL's statements about Sabal in the Glossary of Extremism and the Lone Star Report contained or implied assertions of fact, and therefore are not opinions; that the statements are capable of an implied defamatory meaning; and that the defamation claim regarding the Glossary of Extremism was not time-barred because a later hyperlink to Sabal's entry in the Glossary presents a question of fact as to whether it was a republication that re-started the statute of limitations.

## LEGAL STANDARD

A district court "may certify an order for interlocutory appeal when the order (1) 'involves a controlling question of law'; (2) 'as to which there is substantial ground for difference of opinion'; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Seidner v. Kimberly-Clark Corp.*, No. 3:21-CV-867-L, 2024 WL 4839163, at *1 (N.D. Tex. Jan. 23, 2024) (quoting 28 U.S.C. § 1292(b)). "[T]he

decision to permit such an appeal is firmly within the district court's discretion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006). After the district court certifies an order for interlocutory appeal, the court of appeals conducts its own review of the appropriateness of appellate jurisdiction. *E.g.*, *ACLU Found. of Louisiana v. Bridges*, 273 F.3d 1107 (5th Cir. 2001). The appellate court's "'jurisdiction is not confined to the precise question[s] certified by the lower court'" but rather is "delimited only by the particular order being appealed." *Escobedo v. Ace Gathering, Inc.*, 109 F.4th 831, 833 (5th Cir. 2024) (quoting *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018) and *U.S. v. Stanley*, 483 U.S. 669, 677, 107 S. Ct. 3054, 97 L.Ed.2d 550 (1987)).

## ARGUMENT

### I. THE COURT'S SUMMARY JUDGMENT ORDER INVOLVES SEVERAL CONTROLLING QUESTIONS OF LAW

To satisfy the first statutory criteria, there must be (1) "a question of *law*—not fact" and (2) it must be "*controlling*," including "'if reversal of the district court's opinion would result in dismissal of the action'" or "where 'the certified issue has precedential value for a large number of cases.'" *Ryan*, 444 F. Supp. at 722-23 (quoting *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 CIV. 2136(RWS), 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997)).

In partially denying summary judgment, the Court made four rulings as a matter of law: (1) Sabal is not a public figure because there was no applicable public controversy; (2) Sabal's entry in the Glossary of Extremism and the Lone Star Report were not expressions of opinion; (3) Sabal's claim regarding his entry in the Glossary of Extremism is not time-barred because whether the hyperlink to the Glossary in the Lone Star Report was a republication presents a fact issue; and (4) Sabal's entry in the Glossary of Extremism and the Lone Star Report can be

construed to assert a defamatory implication. Order at 7-11, 12-13, 15-17. Any one of these constitutes a controlling question of law.

*First*, these rulings present questions of law, not issues of fact. The defamation issues are unquestionably legal in nature. *See, e.g.*, *Trotter v. Jack Anderson Enterprises, Inc.*, 818 F.2d 431, 433 (5th Cir. 1987) ("Whether an individual is a public figure is a matter of law for the court to decide."); *Accresa Health LLC v. Hint Health Inc.*, No. 4:18-CV-00536, 2020 WL 4644459, at *40 (E.D. Tex. Mar. 19, 2020), *report and recommendation adopted*, No. 4:18-CV-00536, 2020 WL 2610908 (E.D. Tex. May 22, 2020) ("The question of whether a statement is a non-actionable opinion is a question of law."); *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653 (Tex. 1987) ("the initial question for determination is a question of law to be decided by the trial court: were the words used reasonably capable of a defamatory meaning".

Further, the Order's analysis of the public figure issue focused on the appropriate definition of what a relevant "public controversy" is for this purpose, which itself presents a question of law regarding what that standard means. And whether or not a hyperlink placed in a subsequent publication can constitute a republication of the original material to which it links presents a question of law, and indeed one of first impression for the Fifth Circuit. Most courts have held that merely making a prior article accessible by placing a link in a subsequent publication does not constitute a republication, regardless of whether a new audience might be reached. *See, e.g., Lokhova v. Halper*, 995 F.3d 134, 142-144 (4th Cir. 2021); *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012), *as corrected* (Oct. 25, 2012) (collecting cases); *Martin v. Daily News L.P.*, 121 A.D.3d 90, 103, 990 N.Y.S.2d 473 (2014) ("continuous access to an article posted via hyperlinks to a website is not a republication"). By contrast, the Order, citing *Wiswell v. VerticalScope, Inc.*, No. A-11-CA-737-SS, 2012 WL 13136295, at *4

(W.D. Tex. Aug. 1, 2012),  held that "republication by hyperlink is an issue of fact that is heavily dependent" on context, including "where a new audience has been reached."  Order at 15.  Thus, whether or not republication merely by including a hyperlink does, or does not, present an issue of fact is itself a question of law.

    *Second*, these questions of law are controlling.  Reversal of several and/or some combination of the Court's four rulings would result in the termination of all of the remaining claim in the case.  Reversal on appeal of either of the two threshold rulings -- that the allegedly defamatory statements are not opinions and carry a defamatory implication -- would result in a complete grant of summary judgment in ADL's favor.  *See Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 582 (5th Cir. 2012) (exercising "jurisdiction over 'threshold' legal questions related to [plaintiff's] state-law claims").  *Cf. Goosehead Ins. Agency, LLC v. Williams Ins. and Consulting, Inc.*, 533 F. Supp. 3d 367, 385-86 (N.D. Tex. 2020) (O'Connor, J.) (choice-of-law issue resolved on motion-to-dismiss did not present a controlling question because reversal could not result in dismissal of the case).  Reversal of the Court's public figure ruling would dispose of the case should the Court of Appeals address and conclude there was no actual malice, a question that would also be included within the scope of its appellate jurisdiction.  *See United States ex. rel. Simoneaux v. E.I. DuPont de Nemours & Co.*, 843 F.3d. 1033, 1042 (5th Cir. 2016); *Melder v. Allstate Corp.*, 404 F.3d 328, 331 (5th Cir. 2005).

    The Fifth Circuit has found First Amendment issues, or others related to defamation, to be sufficiently important to warrant interlocutory review.  *See, e.g.*, *Hines v. Alldredge*, 783 F.3d 197, 201 (5th Cir. 2015);  *Mitchell v. Hood*, 614 F. App'x 137, 139 (5th Cir. 2015); *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 722 (5th Cir.), *opinion supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980); *see also Time, Inc. v. McLaney*, 406 F.2d 565, 566 (5th Cir.

1969) (recognizing that cases "involving … the very serious and timely question of how far the First Amendment guarantee of freedom of the press may still be impinged upon by actions for libel" are "place[d] … in a somewhat different category" for purposes of interlocutory review due to the potential "chilling effect of such litigation"). Here too, the resolution of these issues in this case would have significant precedential value. As the briefs filed in this case indicate, the question of how broadly or narrowly a "public controversy" should be defined for purposes of the public figure analysis has proved to be an outcome-determinative question in many recent cases. *See, e.g.*, *Franchini v. Bangor Publ'g Co., Inc.*, 109 F.4th 13, 31-33 (1st Cir. 2024); *Depalma v. Kerns*, No. 5:22-CV-91 (MTT), 2023 WL 6164312, at *13 (M.D. Ga. Sept. 21, 2023); *Mohamed v. Ctr. for Sec. Pol'y*, 554 S.W.3d 767, 774 (Tex. App. 2018). Nor has the Fifth Circuit addressed that question in any depth. Indeed, as this Court noted in its decision on ADL's motion to dismiss, the Circuit has not significantly addressed the public figure test since the 1980s. ECF No. 35 at 17.

Likewise, whether calling persons "extremist" or similar aphorisms is defamatory and/or an opinion has been at the heart of numerous recent defamation cases. *See, e.g.*, *Doyle v. James*, -- F. Supp. 3d --, 2024 WL 2158385 (W.D.N.Y. 2024); *Lewis v. Abramson,* 673 F. Supp. 3d 72 (D.N.H. 2023); *McLanahan v. Anti-Defamation League*, No. 23-5076-CV-SW-JAM, 2023 WL 8704258 (W.D. Mo. Dec. 15, 2023); *Shahidullah v. Shandar*, No. DLB-20-3602, 2022 WL 286935 (D. Md. Jan. 31, 2022); *Brimelow v. New York Times Co.,* No. Civ. 222 (KPF), 2020 WL 7405261 (S.D.N.Y., Dec. 17, 2020). Finally, as noted above, whether a hyperlink may (or may not) present a fact issue with respect to the republication doctrine would present a legal question of first impression for the Court of Appeals. As the cases both parties cited on this issue illustrate, this question now frequently arises in defamation cases concerning digital publications.

## II. THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION ON THE COURT'S LEGAL RULINGS

While impossible to precisely define, "[t]he threshold for establishing a substantial ground for difference of opinion is higher than mere disagreement or even the existence of some contrary authority." *Maverick Field Servs., LLC v. Emaxx Insurance Servs., LLC*, No. H-23-2513, 2023 WL 6162757, *1 (S.D. Tex., Sept. 21, 2023) (quotation omitted). "The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 1998).

The Court's rulings on the First Amendment and related defamation issues present a substantial ground for a difference of opinion. The Order holds that the relevant "public controversy" is defined by the implied defamatory meanings alleged by the plaintiff – in this case, whether there is a public controversy about Sabal allegedly being an antisemite or extremist, or antisemitism and extremism in general. Order at 8. Most authority is to the contrary. *See, e.g.*, *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568 (Tex. 1998); *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 928 n.4 (9th Cir. 2022) ("The preexisting public controversy need not be narrowly defined or limited to the exact factual contours of the alleged defamation."). For example, in *McLemore* the Court held that the controversy could not be defined by whether the plaintiff was an ethical journalist (the allegedly defamatory meaning), nor journalistic ethics in general. *McLemore,* 978 S.W.2d 568 at 572; *see also Immanuel v. Cable News Network, Inc.*, 618 F. Supp. 3d 557, 566 (S.D. Tex. 2022) (though the allegedly defamatory implication was that plaintiff physician, a speaker at one of Sabal's conferences, was unfit to be a medical doctor, the relevant "public controversy" was how to treat COVID-19). But for purposes of this Motion, the issue is not which construction of the governing legal standard is the correct one. Rather,

what is relevant is that certification would enable the Fifth Circuit clarify the standard for what constitutes a public controversy, because that would provide substantial guidance for subsequent cases.

With respect to the other issues, most courts have found that alleged imputations that the plaintiff is an "extremist" or supports "extremism" to be nonactionable opinion. *See, e.g.*, *Cheng v. Neumann*, 51 F.4th 438, 447 (1st Cir. 2022); *Lewis v. Abramson,* 673 F. Supp. 3d 72 (D.N.H. 2023); *McLanahan v. Anti-Defamation League*, No. 23-5076-CV-SW-JAM, 2023 WL 8704258 (W.D. Mo., Dec. 15, 2023);  *Shahidullah v. Shandar*, No. DLB-20-3602, 2022 WL 286935 (D. Md. Jan. 31, 2022); *Brimelow v. New York Times Co.,* No. Civ. 222 (KPF), 2020 WL 7405261 (S.D.N.Y., Dec. 17, 2020).  The Order thus reflects substantial disagreement on how to apply the standards articulated by the Fifth Circuit and Texas courts in libel cases. *See, e.g.*, *Odle v. Wal-Mart Stores Inc.*, No. 3:11-cv-2954-O, 2013 WL 66035, at *3 (N.D. Tex. Jan. 7, 2013) (O'Connor, J.) (finding "substantial ground for difference of opinion" where courts had ruled differently on the import of Supreme Court precedent on subsequent cases).

Finally, whether hyperlinking to previously published material constitutes a republication that re-triggers the statute of limitations is a legal question of first impression in this Circuit.  As explained above, most Circuits to address the question to date have held that it does not, as a matter of law.  And the decision the Court cited in its Order acknowledges that "whether a hyperlink constitutes republication for statute of limitations purposes" is a "relatively novel issue." *Wiswell*, 2012 WL 13136295, at *2; *see also Wiswell v. Verticalscope, Inc.*, No. A-11-CA-737-SS, 2011 WL 13324271, at *2 (W.D. Tex. Oct. 3, 2011) (acknowledging that "the trend is towards a relatively bright-line rule that hyperlinks do not constitute republication.").

### III. IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS CASE

As detailed above, immediate appeal of the issues presented here may materially advance the ultimate termination of this case. *See id.* ("[C]ourts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation." (quoting 432 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (2d ed. 1996))). *See also Ryan*, 444 F. Supp. 2d at 723 (quoting *Strougo*, 1997 WL 473566, at *6, and *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)) ("'[t]he institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b),'" interlocutory appeal should be permitted when it "will 'speed up the litigation.'").

### IV. A STAY PENDING THE RESOLUTION OF ANY INTERLOCUTORY APPEAL IS APPROPRIATE

The Fifth Circuit holds that in the context of considering a motion for a stay pending appeal:

> [T]he movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

*Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). For the reasons discussed herein, any appeal here will present significant legal questions. And the fact that there are substantial grounds for differences of opinion on these issues demonstrates that Defendant has a substantial case on the merits. *See, e.g.*, *Mayo v. Hatford Life Ins. Co.*, 214 F.R.D. 458 (S.D. Tex. 2002) (granting stay pending interlocutory appeal). Finally, since this Motion seeks certification of a summary judgment order, the balance of the equities weighs heavily in favor of granting a stay.

This is not a case in which interlocutory appeal is either sought or filed from preliminary rulings, such that a stay would merely forestall discovery. Rather, the absence of a stay would almost certainly negate the entire purpose of an interlocutory appeal, which is in part to advance the ultimate termination of the litigation. *See Total Ben. Servs.*, *Inc. v. Group Ins. Admin., Inc.*, No. 98-2386, 1993 WL 98675, *3 (E.D. La. March 25, 1993). For that reason, irrespective of any formal stay, the Court would very likely not have jurisdiction to conduct a trial, since that would adjudicate the very issues that Defendant would be appealing. *Dayton Indep. Sch. Dist. V. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case."). *See also Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quotation omitted) (pending an interlocutory appeal, a district court may not take an action that "significantly change[s] the status of the appeal."); *Redding-Guidrey v. Harmony Pub. Schs.*, No. H-22-2299, 2024 WL 460244 (S.D. Tex., Feb. 6, 2024) (district court lacked jurisdiction to consider motion for reconsideration or for leave to amend due to pending interlocutory appeal). At this stage, it is very unlikely any appeal could be resolved prior to the completion of any trial in this case.[1]

---

[1] Alternatively the Court could stay any trial date, but not stay other pre-trial proceedings that would be required to occur regardless of the actual date of any trial. Should the Fifth Circuit affirm the Order, that would enable any trial date to occur more expeditiously upon remand. And such preparatory, pre-trial activity would not alter or affect the status of the appeal. *See, e.g.*, *Morales v. OK Trans, Inc.*, No. 2:19-CV-00094, 2024 WL 3223676, *4 (S.D. Tex., June 18, 2024) (staying trial, but requiring parties to file Joint Pre-Trial Order pending interlocutory appeal so that the court may "promptly reset [the] matter for trial" after resolution of the appeal); *Howard v. City of Houston, Texas*, No. H-21-1179, 2022 WL 1156097 (S.D. Tex., April 19, 2022) (allowing discovery to proceeding pending interlocutory appeal by one defendant).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Rule 1292(b) Certification, amend its December 13, 2024 Order to certify it for interlocutory appeal, and grant a stay of these proceedings pending the resolution of any appeal.

## CERTIFICATE OF CONFERENCE

Plaintiff opposes this Motion.  Nathan Siegel, counsel for ADL, and Warren Norred, counsel for Plaintiff, conferred by telephone on December 20, 2024 and again by email on January 2, 2025 concerning this Motion.  Counsel were unable to reach agreement due to their different views concerning the merits of the Motion.

Dated: January 2, 2025                                Respectfully submitted,

                                                      */s/ Nathan Siegel*
                                                      Nathan Siegel (admitted *pro hac vice*)
                                                      **DAVIS WRIGHT TREMAINE LLP**
                                                      1301 K Street
                                                      Suite 500 East
                                                      Washington, DC 20005
                                                      Phone: (202) 973-4237
                                                      Fax:    (202) 973-4499
                                                      nathansiegel@dwt.com

                                                      Katherine M. Bolger (admitted *pro hac vice*)
                                                      Jesse Feitel (admitted *pro hac vice*)
                                                      **DAVIS WRIGHT TREMAINE LLP**
                                                      1251 Avenue of the Americas, 21st Floor
                                                      New York, NY 10020-1104
                                                      Phone: (212) 489-8230
                                                      Fax:    (212) 489-8340
                                                      katebolger@dwt.com
                                                      jessefeitel@dwt.com

                                                      Robert P. Latham State Bar No. 11975500
                                                      **JACKSON WALKER LLP**
                                                      2323 Ross Avenue, Suite 600
                                                      Dallas, Texas 75201
                                                      (214) 953-6000 – Telephone

(214) 953-5822 – Facsimile
blatham@jw.com

Trevor Paul State Bar No. 24133388
**JACKSON WALKER LLP**
777 Main St., Suite 2100
Fort Worth, Texas 76102
817.334.7200 – Telephone
(214) 953-5822 – Facsimile
tpaul@jw.com

*Attorneys for Defendant Anti-Defamation League*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served on all counsel of record, via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on this 2nd day of January, 2025.

*/s/ Nathan Siegel*
Nathan Siegel