IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN SABAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01002-O |
| | § | |
| ANTI-DEFAMATION LEAGUE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Amend December 13, 2024 Order for Certification Under Rule 1292(b) and for a Stay Pending the Resolution of Any Appeal, and Brief in Support (ECF Nos. 66–67); Plaintiff's Response (ECF No. 72); and Defendant's Reply (ECF No. 73). After due consideration, the Court **DENIES** Defendant's Motion.

## I.   LEGAL STANDARD

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Fannie Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (citation omitted). A district court may exercise its discretion to certify an interlocutory order for immediate appeal upon finding that "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007); s*ee* 28 U.S.C. § 1292(b). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 1080689, at *2 (E.D. Tex. Mar. 18, 2021) (citation omitted).

Moreover, "[d]istrict courts have unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Goosehead Ins. Agency v. Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d 367, 385 (second alteration in original) (citation omitted). The mere fact that a disgruntled litigant "intend[s] to inevitably appeal" does not create an exceptional case. *Id.* at 386. "[S]ection 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *8 (N.D. Tex. Oct. 20, 2015).

## II.    ANALYSIS

Defendant requests this Court grant certification for an immediate appeal. Defendant argues that the Court's December 13, 2024, Order denying Defendant's Motion for Summary Judgment "implicates at least four important questions: (1) the legal standard for assessing a plaintiff's public figure status; (2) what is an implied defamatory meaning; (3) what is non-actionable opinion; and (4) whether a hyperlink may constitute a republication for purposes of restarting the statute of limitations."[1] The Court disagrees with Defendant because Defendant's proposed "important questions" do not all satisfy the criteria for an immediate appeal.

Defendant's proposed "important questions" are not controlling questions of law with substantial grounds for disagreement. Even so, resolution of *these* questions will not materially advance the ultimate termination of the litigation. The Fifth Circuit recently clarified that "[a] controlling question of law must be one of law—not fact—and its resolution must materially affect the outcome of litigation in the district court. That effect must be immediate and cannot depend on a party's ability to prove additional facts." *Silverthorne Seismic, L.L.C. v. Sterling Seismic Services, Ltd.*, 125 F.4th 593, 598 (5th Cir 2025) (internal quotation marks and citation omitted).

---

[1] Defs.' Br. in Supp. Mot. to Certify Immediate Appeal 1, ECF No. 67.

In *Silverthorne* the Fifth Circuit declined interlocutory review because "[i]f [the court] reversed now, [the decision] would have no 'immediate impact on the course of the litigation' because [Plaintiff] has not yet proven liability." *Id.* at 600 (quoting *Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1007 (Fed. Cir. 2013)) Similarly, here, Plaintiff has not proven that Defendant is liable for defamation. Certification of the "the legal standard for assessing a plaintiff's public figure status" is premature.[2] "If [Plaintiff] fails to establish liability, [the Fifth Circuit's] premature answer to the question will not have affected the litigation at all."[3] *Id.* Defendant admits as much by claiming that "[r]eversal of the Court's public figure ruling would dispose of the case *should* the Court of Appeals address and conclude there was no actual malice . . . ."[4] Thus, the primary issue Defendant seeks to certify for an immediate appeal does not "materially advance the ultimate termination of the litigation." *Rico*, 481 F.3d at 238. Defendant's theory for certification of an immediate appeal would require the Fifth Circuit to *then* decide the additional question of whether Defendant's statements were made with actual malice. This is improper.

Additionally, while Defendant frames all the "important questions" as questions of law, the law is well-settled. In earnest, Defendant contests the application of the facts in this case to the law. There is no need for clarification on what is "an implied defamatory meaning" or "non-actionable opinion."[5] The law is clear.

Regardless of if Defendant disagrees with the Court's December 13, 2024 Order, Defendant has not presented issues proper to certify under 28 U.S.C. § 1292(b). Accordingly, the Court **DENEIS** Defendant's Motion.

---

[2] *Id.*
[3] *Id.*
[4] *Id.* at 5 (emphasis added).
[5] *Id.* at 1.

## III. CONCLUSION

For the forgoing reasons, the Court **DENIES** Defendant's Motion to Certify an Immediate Appeal (ECF No. 66). Because the Court does not certify an immediate appeal, the Court also **DENIES** Defendant's Motion to Stay pending the appeal.

**SO ORDERED** on this **31st** day of **March, 2025**.

*/s/ Reed O'Connor*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**