IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOHN SABAL, § | |
|    *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:23-cv-01002-O |
| § | |
| ANTI-DEFAMATION LEAGUE, § | |
|    *Defendant.* § | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR LIMITED ADDITIONAL DISCOVERY**

Plaintiff John Sabal ("Sabal" or "Plaintiff") respectfully requests that the Court deny *Defendant's Motion for Limited Additional Discovery* ("Motion"), ECF No. 79.

In its Motion, Defendant asks the Court to reopen discovery to allow: a) a two-hour deposition of Sabal, wherein Defendant argues it can ask about interviews and public statements Sabal has made since discovery in this matter has closed; and b) third-party document production.

Simply stated, the requested interviews and third-party discovery are irrelevant to the current issues before the Court, offer nothing new, and thus are unwarranted.

Plaintiff requests denial of the Motion in full.

Respectfully,

/s/Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094, warren@norredlaw.com
Norred Law, PLLC
515 E. Border Street
Arlington, Texas 76010
Tel: 817.704.3984; Fax: 817.524.6686
*Attorney for Plaintiff*

## I.  REQUESTED "LIMITED" DISCOVERY and CASE STATUS

Discovery closed in this case on May 29, 2024, a year ago (ECF No. 34). Trial is scheduled for July 16, 2025, less than two months from today (ECF No. 71).

Since this case's filing on October 3, 2023, considerable discovery has been conducted on both of the claims initially brought by Plaintiff, defamation and injurious falsehood. Specifically, Defendant conducted considerable discovery surrounding the defamation claim with respect to Sabal's alleged antisemitism.

After discovery closed, Defendant filed a Motion for Summary Judgment on June 7, 2024 as related to all causes of action in the Complaint. This Court granted summary judgment on the cause of action related to QAnon Backgrounder ("The Backgrounder") which related to alleged antisemitism. In other words, alleged antisemitism by Sabal has been resolved by this Court.

By virtue of the Court's order, this case is now about the content and context of Sabal's inclusion with criminals, known terrorists, and extremists in ADL's Glossary of Extremism and Hate ("Glossary of Extremism"). Additionally, The ADL, based upon its wrongful and malicious inclusion of Sabal in the Glossary of Extremism with known terrorists, the ADL intended to frame Sabal as a threat to the state of Texas in the Hate in the Lone Star report ("Lone Star Report").

As described more fully below, in order to re-open discovery, <u>such request must be based upon the potential for discovering relevant information to the case at this point</u>. The case at this point is not about antisemitism, as neither the Glossary of Extremism nor the Lone Star Report connects Sabal to antisemitism. Yet, antisemitism appears to be the entire reason for the ADL seeking to reopen discovery, though antisemitism has no relevance to the case as it stands now. And even if antisemitism was relevant, the alleged antisemitic statements referenced by Defendant were not made by Sabal. Defendant's Motion must therefore be denied in its entirety.

## II.    INVITATION TO STRIKE

The reasons presented in Defendant's Motion are examples of antisemitic behavior from individuals other than Sabal himself. Defendant attempts to attach scandalous antisemitic materials to Sabal by including supporters' materials in its appendix to the Motion.

a. The first individual, known as @TheOfficial1984 ("1984") on X, supports Sabal's case against the ADL and opened a GiveSendGo account in support of his suit. 1984's views and opinions, antisemitic or not, are of no relevance to Sabal's case.

b. The Court can take judicial notice that highly trafficked social media accounts often have multiple administrators to assist the owner to keep a chat thread safe from "bots" posting pornography, and language which is hateful, racist, or antisemitic. An examination of the comments by "George Smiley" and "OZjonny" do not indicate that the two individuals have any administrative authority, or that their comments were made with Sabal's blessing.

Sabal is not filing a separate motion to strike the documents based on Rule 12(f), noting that the Court can strike the materials *sua sponte*, the materials are already in the docket, and Sabal is not going to be the cause of any further inefficiency in these proceedings.

Even if the Court determines to let the scandalous materials remain in the docket, they should not be part of the Court's decision. History recounts that enemies of Martin Luther King, Jr. did the same thing, asserting he was a communist because he was supported by communists.[1] Democrats argued that President Trump is a racist because David Duke supported Trump in 2016.[2] Though such illogic can be expected in politics, the judicial system should reject such reasoning.

---

[1] Plaintiff asks the Court to take judicial notice of this history regarding Martin Luther King, Jr., which is well established in academic literature, e.g., the FBI used the support of leftist Stanley Levison to accuse MLK of communist connections, recounted in David J. Garrow's book, Bearing the Cross: Martin Luther King, Jr., and the Southern Christian Leadership Conference (1986).

[2] Plaintiff asks the Court to take judicial notice of this political tactic. For example, the Nation used this reasoning in 2023 in its article, "It's No Mystery Why Racists Have Fallen in Love With Trump's Republican Party," viewed at https://www.thenation.com/article/politics/racist-republicans-donald-trump/ (last accessed on May 26, 2025).

### III.  AUTHORITIES & ARGUMENT

Though the Motion's case law focuses on extending depositions, Plaintiff largely agrees with the legal authorities therein cited, in that the Court must find good cause to grant the Motion and allow Defendant to conduct depositions and request document production after discovery closes. Fed. R. Civ. Pro. 30(d)(1) and *Kleppinger v. Texas Dep't of Transp.,* 283 F.R.D. 330, 333 (S.D. Tex. 2012). It is the application of these authorities where the parties disagree.

Defendant actively sought discovery in this case, including deposition and document production. The topics addressed in that discovery addressed defamation regarding Sabal's alleged antisemitism. As Defendant admits, it deposed Plaintiff during discovery, and Plaintiff answered Defendant's discovery requests.

After discovery closed on May 29, 2024 (ECF No. 34), Defendant sought summary judgment on Plaintiff's claims, and was granted that judgment on December 13, 2024, with regard to defamation regarding ADL's comments in its QAnon Backgrounder (ECF No. 63).

Not only is the requested "limited" discovery cumulative and duplicative of discovery already sought, but it is also irrelevant to the current issues before the Court (objectionable under Rule 26(b)), Once again, the issues in this case concern only Sabal's inclusion in the Glossary of Extremism with known and notorious criminals, terrorists, and extremists, and the extension of that inclusion to present Sabal as a threat to the state of Texas in the Lone Star Report.

Further, as Defendant has noted, Plaintiff has conducted many interviews during the pendency of this case. However, the Motion does not describe any significant difference between the content of the previous interviews and those conducted recently. As the *Kleppinger* court reasoned (which Defendant cites):

> Courts have typically reopened a deposition "where a witness was inhibited from providing full information at the first deposition" or "where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." *Keck*, 1997 U.S. Dist. LEXIS 10578, 1997 WL 411931 at *1 (citations omitted). However, "[w]here the deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information." *Ganci v. U.S. Limousine Serv., Ltd.*, 2011 U.S. Dist. LEXIS 106320, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (citations omitted). In fact, it should be noted that the lack of diligence in obtaining information before the initial or first deposition may result in a court denying leave to conduct a second deposition.

*Kleppinger v. Tex. DOT,* 283 F.R.D. 330, 333 (S.D. Tex. 2012), underlining added.

Defendant has provided no case law supporting the contention that vague allegations about continued behavior supports good cause to reopen discovery. Nor has Defendant provided or even argued that any comment made by Plaintiff has created a question that Defendant would not have thought to ask at its first deposition of Plaintiff.

Lastly, Plaintiff asks the Court to reject Defendant's attempt to seek discovery from third parties who have supported the Plaintiff based on the arguments made in the Motion. For example, at no point has Defendant shown why anything that TheOfficial1984 has done would merit any attention in this judicial proceeding.

### IV.    CONCLUSION & PRAYER

Using its permitted discretion, the Motion should be denied in its entirety. Plaintiff requests all other appropriate remedies he is due.

Respectfully submitted on May 27, 2025,

*/s/Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
O: (817) 704-3984; F: (817) 524-6686
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing response was served upon all parties of record via the Court's electronic filing system on this 27th day of May, 2025, including Nathan Siegel (nathansiegel@dwt.com) and Katherine M. Bolger (katebolger@dwt.com), and Robert P. Latham (blatham@jw.com) for ADL.

                                     /s/Warren V. Norred
                                       Warren V. Norred