IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN SABAL,<br> *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:23-cv-01002-O |
| ANTI-DEFAMATION LEAGUE,<br> *Defendant.* | §<br>§<br>§ | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND CHARGE

TO THE HONORABLE COURT:

 Plaintiff here submits his proposed instructions, definitions, and jury questions, attached post-signature.

 By this submission, Plaintiff does not waive the right to submit different questions, instructions and definitions before, during and after trial. Plaintiffs reserve the right to modify or supplement this jury charge with additional or different questions, instructions and definitions until the Court submits the case to the jury.

 Plaintiff also reserves the right to object to the evidence and the jury charge, to make pre-judgment and post-judgment motions, and take other steps to protect and preserve his rights.

 Respectfully submitted,

*/s/ Warren V. Norred*
Warren V. Norred, State Bar No. 24045094, warren@norredlaw.com
Norred Law PLLC; 515 E. Border Street, Arlington, Texas 76010
Tel. (817) 704-3984; Fax (817) 524-6686
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE -** I hereby certify that a true and correct copy of the foregoing document was served on Defendant via email through the Court's filing system to Nathan Siegel, at nathansiegel@dwt.com on June 17, 2025.

              /s/ *Warren V. Norred*
               Warren V. Norred

## INSTRUCTIONS:

In response to each question, answer "Yes" or "No" unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."

## DEFINITIONS:

"John Sabal" and "Sabal" are references to the plaintiff.

"Anti-Defamation League" and "ADL" refer to the defendant.

The phrase "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

## QUESTION NO. 1 – DEFAMATION[1]

Do you find by the preponderance of the evidence that the ADL's *Glossary of Extremism* and *Report on Hate in the Lone Star State*, when taken as a whole and together with the surrounding circumstances of their publication, create a defamatory impression about John Sabal?[2]

**Note 1:** You must evaluate the *Glossary of Extremism* and *Report on Hate in the Lone Star State* not only for its explicit statements but also for any implied statements or inferences that could reasonably be understood as defamatory by an ordinary person.

**Note 2:** The term "defamatory" refers to a statement in written or other graphic form that "tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury."[3]

> A statement is defamatory if—
>
> 1. the statement is defamatory considered in the context of other facts and circumstances sufficiently expressed before or otherwise known to the reader or listener; or
>
> 2. the overall gist—meaning the main theme, central idea, thesis, or essence—of the statement as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it is defamatory; or
>
> 3. the implications that an objectively reasonable person would draw from specific parts of the statement are defamatory.

Answer "Yes" or "No": _____

**If you answered "Yes" to Question 1, then answer Question 2. If you answered "No" to Question 1, then go to p. XXX.**

---

[1] PJC 110.3 - defamation, generally.

[2] A plaintiff can bring a claim for defamation when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 621 (Tex. 2018).

[3] TEX. CIV. PRAC. & REM. CODE § 73.001; *Houseman v. Publicaciones Paso Del Norte*, 242 S.W.3d 518, 524 (Tex. App.—El Paso 2007, no pet.).

## QUESTION NO. 2 – FALSITY

Do you find that the impression about John Sabal created in the ADL's *Glossary of Extremism* and *Report on Hate in the Lone Star State*, false at the time the statements were published?

**Note 1**: A publication is false if the entire publication, taken as a whole, creates a substantially false impression of the plaintiff by omitting material facts or suggesting juxtaposing true facts, even though each individual statement in the publication, considered in isolation, is true.

Answer "Yes" or "No": _____

**If you answered "Yes" to Question 2, then answer Question 3. If you answered "No" to Question 2, then go to p. XXX.**

## QUESTION NO. 3 - NEGLIGENCE[4]

Did the ADL know or should it have known, in the exercise of ordinary care, that its statements about John Sabal were false and had the potential to be defamatory?

> "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Answer "Yes" or "No": _____

**If you answered "Yes" to Question No. 3, then answer Question 4. If you answered "No" to Question No. 3, then go to p. XXX.**

---

[4] PJC 110.5 - Fault is an element of defamation, but the level of fault required can be either negligence or "actual malice," depending on the circumstances of the case. In re Lipsky, 460 S.W.3d 579, 593 (Tex. 2015).

### QUESTION NO. 4 - GENERAL DAMAGES (PER QUOD DEFAMATION)[5]

What sum of money, if paid now in cash, would fairly and reasonably compensate John Sabal for his injuries proximately caused by the ADL's false and defamatory statements?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

1. Injury to reputation sustained in the past.

    Answer: _____

2. Injury to reputation that, in reasonable probability, Sabal will sustain in the future.

    Answer: _____

3. Mental anguish sustained in the past.

    Answer: _____

4. Mental anguish that, in reasonable probability, Sabal will sustain in the future.

    Answer: _____

**Go to Question No. 5.**

---

[5] PJC 115.33 - In defamation cases, "[o]nce injury to reputation is established, a person defamed may recover general damages without proof of other injury." *Leyendecker & Associates v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984) (citing *Guisti v. Galveston Tribune*, 150 S.W. 874 (Tex. 1912)). General damages include damages for noneconomic loss of reputation or mental anguish. *Anderson*, 550 S.W.3d at 618; *Hancock v. Variyam*, 400 S.W.3d 59, 65 (Tex. 2013). The First Amendment requires competent evidence to support an award of actual or compensatory damages when the speech is public or the level of fault is less than actual malice. *Hancock*, 400 S.W.3d at 65; *see also Burbage v. Burbage*, 447 S.W.3d 249, 259 (Tex. 2014). Defamation per se refers to false statements so obviously harmful that general damages may be presumed. *Anderson*, 550 S.W.3d at 618. The following instruction may be used in common-law cases not involving constitutional requirements in which the court (or in some cases, the jury) has found the matter to be defamatory per se. Texas law presumes that per se defamatory statements injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish. *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002); *see also Leyendecker & Associates*, 683 S.W.2d at 374 (party defamed by a writing libelous per se allowed recovery at common law without proof of injury); *Salinas v. Salinas*, 365 S.W.3d 318, 320-21 (Tex. 2012). Texas law does not presume any damages beyond nominal damages. *Salinas*, 365 S.W.3d at 320-21.

**QUESTION NO. 5 – PER SE DEFAMATION**

Is the impression about John Sabal created by the ADL's publications, when considered in the context of the entire publications and surrounding circumstances, impute criminal behavior or damage John Sabal in his business, profession, or calling?[6]

Answer "Yes" or "No": _____

**If you answered "Yes" to Question 5, then answer Question 6. If you answered "No" to Question 5, go to Question 7.**

**QUESTION NO. 6 – GENERAL DAMAGES (PER SE DEFAMATION)[7]**

What sum of money, if paid now in cash, would fairly and reasonably compensate John Sabal for the harm to his reputation, emotional distress, and loss of dignity caused by the ADL's defamatory publications?

In determining this amount, you may consider:

- The nature and severity of the defamatory publications.
- The extent to which the statement was disseminated or made public.
- John Sabal's standing in the community or profession before the statement was made.
- The likely impact of the statement on John Sabal's reputation, personal relationships, or emotional well-being.

You are not required to find proof of specific financial loss to award general damages, as harm is presumed in cases of defamation per se.

NOTE: You must award at least nominal damages for injury to reputation in the past. Nominal damages are a trifling sum, such as $1.[8]

State your answer in dollars:  $_____

---

[6] See *Turner v. KTRK TV, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000).
[7] PJC 115.33
[8] In defamation per se cases, nominal damages are awarded when '"there is no proof that serious harm has resulted from the defendant's attack upon the plaintiff's character and reputation" or "when they are the only damages claimed, and the action is brought for the purpose of vindicating the plaintiff's character by a verdict of a jury that establishes the falsity of the defamatory matter."' *Hancock v. Variyam*, 400 S.W.3d at 65.

**QUESTION NO. 7 – MALICE[9]**

Do you find by clear and convincing evidence that, at the time that the ADL published the defamatory articles:

a) the ADL knew it would create a defamatory inference as related to John Sabal, or

b) the ADL created the defamatory inference in its publications with a high degree of awareness that a reasonable reader would receive a false and defamatory impression about John Sabal?

> "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No": _____

**If you answered "Yes" to Question No. 7, then answer Question 8. If you answered "No" to Question No. 7, go to p. XXX.**


**QUESTION NO. 8 – EXEMPLARY DAMAGES**

What sum of money, if any, if paid now in cash, should be assessed against the ADL and awarded to John Sabal as exemplary damages, if any, for the conduct found in response to Question 7?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment. Factors to consider in awarding exemplary damages, if any, are:

> a. the nature of the wrong,
>
> b. the character of the conduct involved,
>
> c. the degree of ADL's culpability,
>
> d. the situation and sensibilities of the parties concerned,
>
> e. the extent to which such conduct offends a public sense of justice and propriety, and
>
> f. the net worth of the ADL.

Answer in dollars and cents, if any: $_____

**Go to p. XXX.**

<<< END PROPOSED JURY QUESTIONS >>>

---

[9] PJC 115.33